UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES K. WILLIAMS, | Civil Action No. 15-5609 (MCA) |
| Plaintiff, | |
| v. | OPINION |
| SCO. GARTRELL, et al., | |
| Defendants. | |

**ARLEO, United States District Judge:**

### I. INTRODUCTION

Plaintiff James K. Williams, currently incarcerated at Northern State Prison and proceeding *pro se*, has filed a Complaint against Northern State Prison, Senior Corrections Officer Gartrell, and Sergeant Enzo alleging violations of his rights under 42 U.S.C. § 1983 for violations of his constitutional rights arising from the loss or theft of his person property. He has also filed a complete application to proceed *in forma pauperis*. The Court, therefore, grants Plaintiff's application to proceed *in forma pauperis*. At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

### II. FACTUAL BACKGROUND

According to his Complaint, on April 2, 2015, Plaintiff was in a lobby area of the prison "refusing to go back to Bayside Prison." (CM/ECF No. 1, Compl. at 4.) Plaintiff had left his personal property in his cell with his cellmate. (*Id.*) This property included sentimental items, such as programs from the funerals of his grandmother, grandfather, and father, as well as

1

pictures of his family members. (*Id.*) This personal property also included Plaintiff's legal work and clothing items. (*Id.* at 5.) Senior Corrections Officer Gartrell allegedly came to Plaintiff's cell and ordered that Plaintiff's property be placed outside his cell. (*Id.*) Plaintiff appears to allege that Officer Gartrell either "took [his property] and never inventoried it." (*Id.* at 4), or left his property unsecured. (*Id.* at 5.) According to Plaintiff, Officer Gartrell "should have inventoried [Plaintiff's] property and sent it to the institutional property room." (*Id.*) Later that day, Officer Gartrell told Plaintiff that Officer Enzo had removed Plaintiff's property from his cell, a fact disputed by Officer Enzo. (*Id.*)

After his property went missing, Plaintiff filed "a NJDOC inmate Inquiry Form." (*Id.* at 4.) He "then submitted a[] NJDOC inmate grievance form." (*Id.* at 4.) He "also spoke with the Ombudsman via phone" and "submitted a property claim form." (*Id.* at 4.) He indicates in his Complaint that he "exhausted all remedies at [his] disposal." (*Id.* at 4.)

### III. ANALYSIS

#### a. Standard for Sua Sponte Dismissal

Under the PLRA, district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Here, Plaintiff's Complaint is subject to screening under 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e. According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action

will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### b. Plaintiff's § 1983 Claims Arising from the Loss of His Personal Property

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

### i. Northern State Prison has Eleventh Amendment Immunity and not a Person for Purposes of § 1983

From the outset, the Court dismisses with prejudice the Complaint against Northern State Prison because that entity is immune from suit under § 1983 pursuant to the Eleventh Amendment.[2] Additionally, Northern State Prison is not a "person" for purposes of § 1983 litigation. *See Valle v. Bayside State Prison*, No. CIV 10-0614 JBS, 2010 WL 5141731, at *2 (D.N.J. Dec. 9, 2010) (citing *Grabow v. Southern State Correctional Facility*, 726 F.Supp. 537, 538–39 (D.N.J. 1989) (New Jersey Department of Corrections and state prison facilities are not "persons" under § 1983)). As such, the Complaint is dismissed with prejudice against Northern State Prison.

### ii. Plaintiff's § 1983 Claims Against the Individual Officers Arising from the Loss or Theft of his Personal Property Fail as a Matter of Law

The Court construes Plaintiff's allegations against Officer Gartrell and Sergeant Enzo as an attempt to assert a claim for deprivation of property without due process in violation of the

---

[2] The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." As such, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. *Valle v. Bayside State Prison*, No. CIV 10-0614 JBS, 2010 WL 5141731, at *2 (D.N.J. Dec. 9, 2010) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *Id.* (citing *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984)). Section 1983 does not override a state's Eleventh Amendment immunity. *Id.* (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). As a result, the State of New Jersey and New Jersey Department of Corrections are immune from suit for money damages in federal court pursuant to the Eleventh Amendment. *See id.* Moreover, the Department of Corrections is not a "person" subject to liability under § 1983. Analogously, Northern State Prison is not an entity cognizable as "person" for the purposes of a § 1983 suit. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

4

Fifth and Fourteenth Amendments.[3] The Fourteenth Amendment provides, in pertinent part here, that the State may not "deprive any person of life, liberty, or property, without due process of law[.]" The "due process of law" essentially requires that the government provide a person notice and opportunity to be heard in connection with the deprivation of life, liberty or property. *Zappan v. Pennsylvania Board of Probation and Parole*, 152 F. App'x. 211, 220 (3d Cir. 2005) ("The essential requirements of any procedural due process claim are notice and the opportunity to be heard."). To establish a prima facie case of a procedural due process violation a Plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, (2) state action, and (3) constitutionally inadequate process. *See Rusnak v. Williams*, 44 Fed. Appx. 555, 558 (3d Cir. 2002) ("Procedural due process claims, to be valid, must allege state sponsored-deprivation of a protected interest in life, liberty or property. If such an interest has been or will be deprived, procedural due process requires that the governmental unit provide the individual with notice and a reasonable opportunity to be heard.") (citation omitted).

Plaintiff here alleges that, during his transfer, his personal property was stolen or left unattended by Officer Gartrell and/or Officer Enzo. "Deprivation of inmate property by prison officials does not give rise to cognizable due process claim if the prisoner has an adequate post-deprivation state remedy." *Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (citing *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)); *see also Roudabush v. Bittinger*, CIV.A. 15-3185 RMB, 2015 WL 4616869, at *7 (D.N.J. July 31, 2015). Thus, "property loss caused by the intentional acts of government officials does not give rise to a procedural due process claim under § 1983 where a post-deprivation remedy satisfying minimum

---

[3] The Fifth Amendment's due process clause asserted by Plaintiff is made applicable to the States by the Fourteenth Amendment. As Plaintiff is a state inmate, the Fourteenth Amendment is the appropriate standard for reviewing Plaintiff's deprivation of property claim.

procedural due process requirements is available under state law." [4] *Prall v. Bocchini*, No. CIV. 10-1228 FLW, 2011 WL 4457831, at *22 (D.N.J. Sept. 23, 2011)(citing *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)); *see also Zinermon v. Burch*, 494 U.S. 113, 115 (1990); *Hudson v. Palmer*, 468 U.S. 517 (1984); *Terrell v. Hendricks*, No. CIV.A. 11-0832 CCC, 2012 WL 5335074, at *9 (D.N.J. Oct. 25, 2012). The existence of a post-deprivation remedy forecloses any due process claim, even if an inmate is dissatisfied with the result of the process. *Massi v. Zickefoose*, No. CIV.A. 10-4802 RMB, 2011 WL 4810414, at *9 (D.N.J. Oct. 7, 2011) (citing *Iseley v. Horn*, 1996 WL 510090, at *6 (E.D. Pa. Sept. 3, 1996)).

Although it is unfortunate that Plaintiff has been deprived of his personal property, which apparently included irreplaceable items of sentimental value, Plaintiff's claims fails as a matter of law because the New Jersey Tort Claims Act ("NJTCA"), N.J.S.A. § 59:1–1 et seq., and the prison's grievance procedure, *see* N.J. Admin. Code § 10A:1–4.1(a)(1) (effective June 16, 2008), provide all the process that is due. *See Holman v. Hilton*, 712 F.2d 854, 857 (3d Cir. 1983); *Ascruith v. Volunteers of America*, 1 F.Supp.2d 405, 419 (D.N.J. 1998), *aff'd* 186 F.3d 407 (3d Cir. 1999). Adequate remedies were available here as Plaintiff's Complaint acknowledges that he was provided an opportunity to file administrative claims and grievances. *See Tillman v.*

---

[4] In *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982), the Supreme Court explained, however, that post-deprivation remedies do not satisfy the Due Process Clause if the deprivation of property is accomplished pursuant to established state procedure rather than through random, unauthorized action. 455 U.S. at 435–36. *Prall v. Bocchini*, No. CIV. 10-1228 FLW, 2011 WL 4457831, at *22 (D.N.J. Sept. 23, 2011). Plaintiff here has not alleged that the deprivation of his property was accomplished pursuant to a state procedure. Here, there is nothing in the Complaint to suggest that officials confiscated Plaintiff's personal property pursuant to established state procedure; nor has this Court located any such established procedure.

*Lebanon County Corr.*, 221 F.3d 410, 422 (3d Cir. 2000). To the extent Plaintiff is dissatisfied with the outcome of the administrative process, his remedy is to file a state court tort action. *See Hudson*, 468 U.S. at 535; *see also Crosby v. Piazza*, 465 F. App'x. 168, 172 (3d Cir. 2012); *Demore v. Moynihan*, No. CIV.A. 10-3747 JBS, 2011 WL 734328, at *2 (D.N.J. Feb. 22, 2011) ("Although this Court construes this claim as alleging a violation of Plaintiff's due process rights, given the post-deprivation remedy available to her, Plaintiff's recourse after she was deprived of her property would be a common-law tort action against the appropriate defendants under the NJTCA, not a cause of action pursuant to § 1983.").

Because the NJTCA and inmate grievance procedures are available post-deprivation remedies providing all the process which is due, Plaintiff's due process deprivation of property claim fails and this Court will dismiss it for failure to state a claim upon which relief may be granted. *See Ball v. Oden*, 425 F. App'x. 88, 89 (3d Cir. 2011) (affirming dismissal of inmate deprivation of property claim on ground that administrative grievance procedure provided adequate post-deprivation remedy); *Cruz v. SCI-SCR Dietary Service*, 566 F. App'x. 158, 160 (same); *Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (same); *see also Demore*, 2011 WL 734328, at *3 (dismissing deprivation of property claim at screening pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b) (1)).

To the extent Plaintiff is attempting to assert a substantive due process claim, his allegations fail to state a claim because the loss or destruction of his property does not shock the conscience. *See, e.g., United Artists Theatre Circuit, Inc. v. Township of Warrington, Pa.*, 316 F.3d 392, 399–400 (3d Cir.2003) ("our cases have repeatedly acknowledged that executive action violates substantive due process only when it shocks the conscience."). *See also Davis v. Harlow*, No. CIV.A. 11-1506, 2013 WL 1195033, at *10 (W.D. Pa. Mar. 22, 2013) (citing

*Moore v. Gluckstern*, 548 F.Supp. 165, 167 (D. Md. 1982) ("At worst, plaintiff alleges that the items were stolen by the guards. While such action by prison guards, if proven, would clearly be wrongful, there is nothing about the alleged incidents that could conceivably 'shock[ ] the conscience' of the court. Therefore, the complaint cannot be read as alleging a violation of substantive due process rights.").

### IV.  CONCLUSION

Because the NJTCA and the prison administrative procedures provide a post-deprivation remedies to persons who believe they were deprived of property at the hands of the State or local government and because Plaintiff's allegations regarding the apparent theft of his personal property do not shock the conscience, Plaintiff's Complaint will be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Nothing in this Opinion, however, prevents Plaintiff from pursuing any available administrative or state court tort remedies still available to him. An appropriate Order follows.

_____
Madeline Cox Arleo, U.S.D.J.

Date: Aug 31 , 2015